U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 SEP 12 PM 1:25

CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:24-cr-121 –1 |
| ) | |
| CHRISTOPHER RANTANEN, ) | |
| Defendant. ) | |

## ENTRY ORDER DENYING THE VERMONT CRIMINAL JUSTICE COUNCIL'S MOTION TO QUASH DEFENDANT'S SUBPOENA *DUCES TECUM*
(Doc. 44)

Defendant Christopher Rantanen is charged in a two-count Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), and with being an unlawful user of controlled substances in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(8). On July 24, 2025, Defendant served a subpoena on the Vermont Criminal Justice Council ("VCJC") for "all materials related to [VCJC], Professional Regulation Subcommittee's review of materials supplied to it by Rutland County Sheriff's Dept. between in or about January 2024-July 2024, relating to Off. David Soulia[.]" (Doc. 44-1.) The VCJC accepted service of the subpoena on July 24, 2025. (Doc. 42.)

On August 4, 2025, the VCJC filed a motion to quash the subpoena *duces tecum*, claiming the information requested is confidential pursuant to 20 V.S.A. § 2409(d) and 3 V.S.A. § 317(c)(1) & (7). (Doc. 44.) Defendant opposed the VCJC's motion on August 19, 2025, arguing that once there is a finding of misconduct, the requested materials are no longer confidential. (Doc. 49.) The VCJC did not file a reply.

Lisa B. Shelkrot, Esq., represents Defendant. Christopher E. Perkett, Esq., represents the VCJC. Assistant United States Attorney Michelle M. Arra represents the government.

## I. Factual Background.

In September 2024, Officer David Soulia was a part-time patrol officer at the Pittsford Police Department ("PPD"). Prior to his employment there, he was employed at the Rutland County Sheriff's Department ("RCSD") from November 2022 until late January 2024.

While serving as a patrol officer at PPD, on September 17, 2024, Officer Soulia responded to a one-car automobile crash on U.S. Route 7 in the area of Furnace Road. Defendant was the driver, and after allegedly discovering evidence consistent with narcotic use in and around Defendant's vehicle, Officer Soulia arrested Defendant.

During the discovery phase of this proceeding, on July 7, 2025, the government disclosed a letter sent to Officer Soulia by the VCJC. The letter was dated July 9, 2024, ten weeks prior to the incident involving Defendant. In relevant part, the letter provides:

> The [VCJC], Professional Regulation Subcommittee reviewed the materials supplied to it as part of the [RCSD] internal investigation conducted pursuant to 20 V.S.A. § 2404. The materials were reviewed by the subcommittee on May 2, 2024. Based on that investigation, the Subcommittee determined that you committed Category B conduct (first offense) as defined by 20 V.S.A. § 2401(2) by the [RCSD] policy on or about January of 2024 in violation of: [RCSD] policies Chapter 2 section 1 Rules of Conduct B1, Obey all rules, regulations, directives and orders and Chapter 2 section 1 Rules of Conduct B7, making false statements or misrepresentations.
>
> * * *
>
> Your agency provided you with an opportunity to rebut a presumption that it had already made - that your time sheet errors were not a series of mistakes but rather a lack of honesty. When you resigned two shifts later, without evidence of improvement to rebut your agency's initial findings, your agency followed through on its initial decision that your behavior violated departmental policies.
>
> * * *
>
> The Subcommittee <u>did not</u> find that your misstatements on your timesheets were for personal gain.

(Doc. 33-4 at 2-3) (emphasis in original).

2

Defendant has subpoenaed the documents underlying the July 9 letter from the VCJC as follows: "all materials related to [VCJC], Professional Regulation Subcommittee's review of materials supplied to it by [RCSD] between in or about January 2024-July 2024, relating to Off. David Soulia[.]" (Doc. 44-1.) In response, the VCJC filed a motion to quash the subpoena, contending the records are confidential under Vermont law. Defendant disagrees with that conclusion and argues the subpoenaed materials are subject to disclosure and are relevant and admissible with regard to a key witness's testimony at a suppression hearing and at trial.

## II.  Conclusions of Law and Analysis.

### A.  Whether the Subpoena Comports with Federal Rule of Criminal Procedure 17(c).

Federal Rule of Criminal Procedure 17(c) governs subpoenas *duces tecum* in a court proceeding. Although the Supreme Court "has had little occasion to discuss the contours of the Compulsory Process Clause[,]" *Pennsylvania v. Ritchie*, 480 U.S. 39, 55 (1987), it authorizes a subpoena for physical evidence. *See Taylor v. Illinois*, 484 U.S. 400, 407-08 (1988); *Washington v. Schriver*, 255 F.3d 45, 56 (2d Cir. 2001). The subpoena must satisfy three requirements: specificity, relevance, and admissibility. *See United States v. Nixon*, 418 U.S. 683, 700 (1974). For this reason, before a court may issue a so-ordered subpoena:

> [T]he moving party must show: (1) that the documents are . . . relevant; (2) that they are not otherwise procurable reasonably in advance of trial by [the] exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id.* at 699-700.

To fulfill Rule 17(c)'s objectives, a court may "permit the parties and their attorneys to inspect all or part of [subpoenaed documents]." Fed. R. Crim. P. 17(c)(1).

Although a court generally may not issue a so-ordered subpoena solely for impeachment purposes, in this case Officer Soulia has already testified, and the court

3

relied on his testimony in deciding Defendant's motion to suppress. The requested records were material to the court's credibility determination and may be relevant to the testimony of a key witness at trial, which is scheduled for December 2025. Defendant seeks the records in good faith and not as part of a "fishing expedition." He has no ability to obtain them in the exercise of due diligence absent a subpoena. Accordingly, the VCJC must disclose the subpoenaed materials to defense counsel, who must, in turn, share the materials received pursuant to its subpoena with counsel for the government unless the records are deemed confidential under applicable law.

### B. Whether the Subpoenaed Materials Are Confidential Under Vermont Law.

20 V.S.A. § 2409 governs the "[a]ccessibility and confidentiality" of records from the VCJC and provides, in relevant part:

> It is the purpose of this section both to protect the reputation of law enforcement officers from public disclosure of unwarranted complaints against them and to fulfill the public's right to know of any action taken against a law enforcement officer when that action is based on a determination of unprofessional conduct.

20 V.S.A. § 2409(a).[1]

Citing 20 V.S.A. § 2409(d), the VCJC argues, "[u]nder Vermont law, until such time as there is a finding of unprofessional conduct, records regarding a complaint against a particular officer are confidential." (Doc. 44 at 1, ¶ 3.) The VCJC claims that releasing materials relating to Officer Soulia's review would violate 20 V.S.A. § 2409(d). *Id.* In his opposition, Defendant adopts the VCJC's interpretation of 20 V.S.A. § 2409(d) and argues that the materials are not confidential because the VCJC made a finding of unprofessional conduct on July 9, 2024. (Doc. 49.) In the alternative, Defendant contends

---

[1] The VCJC also cites two excerpts of Vermont's public records law that provide exemptions from public inspection and copying for "[r]ecords that by law are designated confidential or by a similar term" and "[p]ersonal documents relating to an individual, including information in any files maintained to hire, evaluate, promote, or discipline any employee of a public agency[.]" 3 V.S.A. § 317(c)(1) & (7). As this is not a public records request, and as a more specific provision of Vermont law governs the records request in question, the court does not analyze the recited excerpts.

that disclosure can be compelled by the court regardless of whether there is a finding of unprofessional conduct. *Id.*

The VCJC's reliance on "a finding of unprofessional conduct" under 20 V.S.A. § 2409(d) is misplaced. 20 V.S.A. § 2409(d) does not require a finding of unprofessional conduct as a prerequisite to disclosing records related to a complaint about a particular officer. Instead, § 2409(d) states:

> The Council, its hearing officer, and Council staff shall keep confidential any other information regarding unprofessional conduct complaints, investigations, proceedings, and related records except the information required or permitted to be released under this section.

20 V.S.A. § 2409(d).

"[W]ith respect to any complaint," the VCJC is directed to disclose only "(A) the date and the nature of the complaint, but not including the identity of the law enforcement officer; and (B) a summary of the completed investigation[.]" *Id.* at § 2409(c)(1). The statute further provides, however, that "[n]othing in this section shall prohibit the disclosure of any information regarding unprofessional conduct complaints pursuant to an order from a court of competent jurisdiction[.]" *Id.* at § 2409(f). Such court-ordered disclosure is permissible provided the recipients "maintain the confidentiality of the information as provided in subsection (d) of [Section 2409]." *Id.*

Vermont law authorizes court-ordered disclosure of materials pertaining to Officer Soulia's investigation, and the VCJC must disclose the subpoenaed materials. Consistent with the disclosure requirements of 20 V.S.A. § 2409(f), the court and the parties shall maintain the information disclosed as confidential, and no further dissemination shall be permitted without a court order.

## CONCLUSION

For the reasons stated above, the court DENIES the VCJC's Motion to Quash Defendant's Subpoena *Duces Tecum*. (Doc. 44.) The VCJC is hereby ORDERED to produce non-privileged documents responsive to Defendant's subpoena to defense counsel, Lisa B. Shelkrot, Esq., within fourteen (14) days of this Order. Defense counsel is hereby ORDERED to share the received materials with counsel for the government within two (2) business days of their receipt. Defendant is hereby ORDERED to file any motion for reconsideration no later than twenty (20) days after his counsel's receipt of the subpoenaed materials. The parties and the court shall maintain the confidentiality of the materials provided by the VCJC and shall not disseminate them further without a court order permitting their disclosure.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 12th day of September, 2025.

Christina Reiss, Chief Judge
United States District Court